UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHANIEL DANIELS                    :
2513 North Rosedale Street           :
Baltimore, MD 21216                  :
                                     :        Civil Action No.:
        Plaintiff,                   :
                                     :
BRUCE R. JAMES, PUBLIC PRINTER       :
U.S. Government Printing Office       :
732 North Capitol Street, N.W.       :
Washington, D.C.  20401              :
                                     :
        Defendant.                   :

## COMPLAINT – CIVIL RIGHTS
### (JURY TRIAL DEMANDED)

**NOW COMES** Plaintiff, Nathaniel Daniels, by and through undersigned counsel,

for the purpose of filing this civil complaint, states the following:

### JURISDICTION AND VENUE

1.      This is an action for declaratory relief, injunctive relief, back pay,

compensatory damages, and other appropriate relief, legal and equitable, brought by

Plaintiff Nathaniel Daniels to redress violations by the Defendant of Plaintiff's civil

rights. The Jurisdiction of this Court is invoked to secure the protection of and to redress

the deprivation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964,

as amended 1991 Civil Rights Act, 42 U.S.C. § 2000e, et seq., hereinafter "Title VII" and

the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et

seq.*, hereinafter "ADEA."

        The Jurisdiction of this Court is also invoked under 28 U.S.C. Sections 1331

and 1343, this being a suit authorized pursuant to the Civil Rights Act of 1991.

2.     This proceeding is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. 1391, as the judicial district in which the cause of action arose and in which the defendant is located and doing business.

3.     This is a civil action and the amount in controversy exceeds $10, 000 (Ten Thousand Dollars), exclusive of interest and costs.

4.     This action is also in accordance with 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626 (c) and 28 U.S.C. §§ 1331, 1343(a)(4).

## PARTIES

5.     Nathaniel Daniels, hereinafter "Plaintiff," is a citizen of the United States of America, and resides at 2513 North Rosedale Street, Baltimore, Maryland 21216.

6.     Plaintiff was competitively hired and employed with the Government Printing Office, hereinafter "GPO," headquartered in Washington, D.C.   Plaintiff performed his duties in the GOP, and his title was Printing Plant Worker, PG-01.

7.     In accordance with Title VII Plaintiff is a member of a protected class based on his prior participation in the discrimination complaint process.

8.     In accordance with Title VII Plaintiff is a member of a protected class based on his sex, male.

9.      In accordance with ADEA, Plaintiff is a member of a protected class based on his being over the age of 40, at all relevant times of the discriminatory treatment.

10.     Defendant, Bruce James, is the Public Printer of the United States Government Printing Office, headquartered in Washington, D.C.   The United States

Government Printing Office is within the Executive Branch of the United States Government.

## ADMINISTRATIVE PROCEDURE

11.    Plaintiff filed two separate formal complaints of discrimination against the Defendant with the Defendant's Equal Employment Opportunity Office, hereinafter "EEO" on December 31, 2002 and April 29, 2003.

12.    Defendant issued a final decision on both complaints on or about November 18, 2005.

13.    Plaintiff chose not to appeal to the EEOC.

14.    Plaintiff invokes his right to sue under 42 U.S.C. § 2000e-5(f), in that he has satisfied all administrative and judicial prerequisites to the institution of this action.

## FACTS

15.    Plaintiff has been employed by Defendant GPO since February 21, 2001. Plaintiff is employed as a Printing Plant Worker, in the Delivery Branch of Defendant GPO.

16.    Plaintiff timely submitted application for the position Motor Vehicle Operator, KA-5, as advertised under GPO's vacancy announcements 02-242 and 02-243.

17.    Plaintiff's name was not selected for either of the positions as advertised under GPO's vacancy announcements 02-242 and 02-243.

18.    On information and belief, Plaintiff should have been selected for either of the vacancy positions because of his outstanding performance ratings and his superior knowledge, skills, and abilities he was not selected for either of the vacancy positions.

19.    On information and belief, Plaintiff states that management and the selecting official have all worked together to deliberately not to select the Plaintiff because of his race, sex, age, and/or his prior participation in the discrimination complaint process.

20.    On information and belief, Plaintiff states that management has retaliated against Plaintiff because of his support for a co-worker that had previously filed a complaint of discrimination.

21.    Plaintiff's supervisor made disparaging remarks expressing his desire that older employees should leave the Delivery Branch

22.    Two younger employees were selected for the vacancy positions.

23.    On or about December 19, 2002, plaintiff's supervisor, after deliberately concealing his presence from Plaintiff and his co-workers, accused Plaintiff of "instigating something" and informed Plaintiff that it was up to him alone as to whether Plaintiff's employment would be continued.

24.    On information and belief, Plaintiff alleges that the abovementioned incidents and subsequent represent a pattern of harassment intended to create a hostile work environment for the Plaintiff.

25.    That on or about December 19, 2002, Plaintiff was singled out and questioned by his supervisor regarding a conversation Plaintiff was having with a co-worker that had previously filed a complaint of discrimination.

26.    That during the daylight hours on or about  January 31, 2002, Plaintiff was told by his Team Leader to report to work on February 1 and 2, 2003.

4

27.     That on or about the night of January 31, 2003, Plaintiff was informed, by another management official, not to report to work on February 1, 2003.

28.     Plaintiff did not report to work on February 1, 2003 but did report as previously instructed for work at 6:00 a.m. on Sunday, February 2, 2003.

29.     Approximately 1 ½  hours after reporting for work he was chastised by the management official that called on the night of January 31, 2003, concerning his working on February 2, 2003.

30.     That Plaintiff was unfairly written up for moving salvage materials and was terminated during his probation period for impermissible discriminatory reasons.

## STATEMENT OF CLAIM

A.     FIRST CAUSE OF ACTION

31.     Plaintiff alleges and re-alleges paragraphs 1 through 30, with the same force and effect as if set forth separately and at length herein.

32.     The effect of Defendant's acts and practices as enumerated herein has been to deprive Plaintiff of rights secured to him by the Civil Rights act of 1991, 42 U.S.C. § 2000 et seq., (Title VII), to be free of discrimination based on his gender (male), because Defendant, solely because of Plaintiff's sex, have deprived Plaintiff of equal opportunity in terms and conditions of his employment by not selecting Plaintiff for either of the vacancies as announced  under GPO's vacancy announcements 02-242 and 02-243.  By said acts, the Defendant has violated the Civil Rights act of 1991.

B.     SECOND CAUSE OF ACTION

33.     Plaintiff alleges and re-alleges paragraphs 1 through 30 with the same force and effect as if set forth separately and at length herein.

34.   The effect of Defendant's acts and practices as enumerated herein has been to deprive plaintiff of rights secured to him under the Civil Rights Act of 1991, 42 U.S.C. § 2000 et seq., (Title VII), to be free from retaliation for participation in the discrimination administrative process and/or because Defendant because of Plaintiff's support of a complainant who had filed a complaint of discrimination, have deprived Plaintiff of equal  opportunity in the terms , privileges, and condition of his employment, by continuously harassing and sanctioning Plaintiff, and have created a hostile work environment for Plaintiff.  By said acts, the Defendant has violated the Civil Rights Act of 1991.

C.   THIRD CASUE OF ACTION

35.   Plaintiff alleges and re-alleges paragraphs 1 through 30 with the same force and effect as if set forth separately and at length herein.

36.   The effect of Defendant's acts and practices as enumerated herein has been to deprive Plaintiff of rights secured to him by the Civil Rights act of 1991, 42 U.S.C. § 2000 et seq., (Title VII), to be free of discrimination based on his age because Defendant, solely because of Plaintiff's age, have deprived Plaintiff of equal opportunity in terms and conditions of his employment by not selecting Plaintiff for either of the vacancies as announced  under GPO's vacancy announcements 02-242 and 02-243.  By said acts, the Defendant has violated the Civil Rights act of 1991.

D.   THIRD CASUE OF ACTION

37.   Plaintiff alleges and re-alleges paragraphs 1 through 36 with the same force and effect as if set forth separately and at length herein.

38.     The effect of Defendant has intentionally, outrageously, and without justifiable reasons subjected Plaintiff to extreme emotional distress by violating Plaintiff's rights under the statutes cited herein. As a result of the act and practices of the Defendant, Plaintiff has suffered a loss of his personal and professional esteem, as well as lost wages and benefits.

39.     Plaintiff has no plain, adequate or complete remedy at law to redress the acts and practices complained of herein, and Plaintiff is now suffering and will continue to suffer irreparable injury as a result of the Defendant's acts and practices as described herein. Unless Defendant is retrained by Order of this Court, Plaintiff will continue to suffer said irreparable injury.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Honorable Court to advance this case of the docket, order a jury trial at the earliest practicable date, and cause this case to be in every way expedited, and upon such hearing to:

1.     Issue a declaratory judgment that Defendant's acts and practices complained herein violated Plaintiff's rights as secured by the Civil Rights Act of 1991, 42 U.S.C. § 2000 et seq., and

2.     Order Defendant to make Plaintiff whole for the discrimination Plaintiff has suffered as a result of the acts and practices as described herein, by providing appropriate back pay and other wages and benefits in an amount to be shown at trial; and

3.     Grant Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice which discriminates

against Plaintiff or any other employee or applicant on the base of race or color; and

4.     Grant Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice which directs retaliatory actions against Plaintiff or any other employee or applicant who complains to the EEO.

5.     Grant Plaintiff judgment against the Defendant for damages in the amount of at least $300,000.00 for mental anguish and emotional distress inflicted on Plaintiff through and as a result of the aforementioned discriminatory and retaliatory acts; and

6.     Grant Plaintiff to his attorney fees, costs, and disbursements necessary to maintaining this action; and

7.     Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require Defendant to file such reports as the Court deems necessary to evaluate such compliance; and

8.     Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

_____
Donald S. Johnson, Sr.
Bar Number 372774
P.O. Box 4703
Capitol Heights, MD 20791
(301) 808-6770
Attorney for Plaintiff