UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATHANIEL DANIELS,** | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Civ. Act. No. 05-2455 (GK) |
| | ) | |
| **BRUCE JAMES, PUBLIC PRINTER** | ) | |
| U.S. Government Printing Office, | ) | |
| | ) | |
| DEFENDANT | ) | |

\* \* \* \* \* \* \* \* \* \*

### THE PARTIES' LOCAL RULE 16.3 REPORT
### AND BRIEF STATEMENT OF THE CASE

This report sets forth the parties position with respect to the scheduling of further matters in this action.

### BACKGROUND

Plaintiff brings this race, gender and retaliation action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*., hereinafter "ADEA."  Defendant denies engaging in any discriminatory and/or retaliatory conduct whatsoever.

### COMPLIANCE WITH LOCAL RULE 16.3(c)

The text of the rule describing the matters contained in rule 16.3 appears in italics, followed by the parties' comments.  The Parties report as follows:

(1)   *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

   The Parties believe that this is a standard track case. Both Plaintiff and Defendant believe that this case may be disposed of on summary judgment. Both parties reserve the right to move for summary judgment after the completion of discovery. No dispositive motion is pending.

(2) *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

   The Parties do not anticipate joining additional parties or further amending their leadings. It is unclear at this time whether the factual or legal issues can be agreed upon or narrowed.

(3) *Whether the case should be assigned to magistrate judge for all purposes, including trial.*

   The Parties will only consent to the assignment of a Magistrate Judge for resolution of discovery disputes but not for all purposes, including trial.

(4) *Whether there is a realistic possibility of settling the case.*

   The Parties have not discussed the issue of settlement to date. Settlement may only be a possibility at the end of discovery.

(5) *Whether the case could benefit from the Court's alternative dispute resolution (ADR)procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their client.*

   The Parties are willing to go through the ADR process.

(6) *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies, and proposed dates for a decision on the motions.*

   Defendant proposes that it file a Motion for Summary Judgment that will dispose of all of the issues on or before January 9, 2007.

   Both Parties believe this case may be resolved by summary judgment. Both Parties reserve the right to move for summary judgment after the completion of discovery. It is recommended that any such motions be filed within 45 days of the close of discovery, and that the response to such motions be governed by the time limits set in the local rules.

(7) *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made and the scope, form or timing of those disclosures.*

       The Parties agree to dispense with initial disclosures.

(8)    *The anticipated extent to discovery, how long discovery should take, what limits should be place on discovery (e.g. number of interrogatories, number of deposition, duration of depositions), whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.*

       The parties anticipate discovery being complete within 90 days. The 90 days shall begin from the date of this Court's Initial Scheduling Order. The parties do not anticipate more than 5 depositions or 25 interrogatories. At the end of the 90 day period, Defendant wishes to file its motion for summary judgment on or about January 9, 2007.

(9)    *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P. should be modified and whether and when deposition of experts should occur.*

       The parties do not believe that the requirement for exchange of expert witness reports under Fed. R. Civ. P. 26(a)(2) should be modified. The parties propose that disclosure of experts by Plaintiff should be made sixty (60) days before the close of discovery. Disclosure of Defendant's experts should be made thirty (30) days thereafter.

(10)    *In class actions, appropriate procedure for dealing with rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

       Not applicable.

(11)    *Whether the trials and/or discovery should be bifurcated or managed in phases, and a specific proposal for bifurcation.*

       Not applicable.

(12)    *The date for the pretrial conference (understanding that a trial with take place 30 to 60 days thereafter).*

       A pretrial conference may be scheduled at the Court's discretion.

(13)    *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties propose that the trial be set at the appropriate time within the Court's discretion.

Respectfully submitted,

/s/                                                    /s/
_____      _____
DONALD S. JOHNSON, SR.              KENNETH L. WAINSTEIN,
Bar Number 372774                         D.C. BAR # 451058
P.O. Box 4703                                  United States Attorney
Capitol Heights, MD 20791
(301) 808-6770

                                                          /s/
                                              _____
 Attorney for Plaintiff                   RUDOLPH CONTRERAS, D.C. BAR # 434122
                                              Assistant United States Attorney


                                                          /s/
                                              _____
                                              HEATHER D. GRAHAM-OLIVER
                                              Assistant United States Attorney
                                              Judiciary Center Building
                                              555 4th St., N.W.
                                              Washington, D.C.  20530
                                              (202) 305-1334

                                              Attorneys for Defendant