

**United States Government Printing Office**
Washington, DC 20401

February 21, 2003

BY REGULAR AND OVERNIGHT MAIL

Mr. Nathaniel Daniels, Jr.
5604 Daywalt Avenue
Baltimore, MD 21206

Dear Mr. Daniels:

On February 25, 2002, you received a career conditional appointment as a Printing Plant Worker (PPW), KA-3502-01, in the Delivery Section, Production Department. Your appointment was subject to the successful completion of a one-year probationary period beginning February 25, 2002.

The probationary period is the final essential evaluation of the examination process. It is the time in which an employee has the opportunity to demonstrate, through actual performance and/or conduct, their acceptability and suitability for continued employment. During this probationary period, you have demonstrated your unsuitability for continued employment.

You have on a continuous basis exhibited improper conduct by creating confusion and disorder in the Delivery Section among its employees. Furthermore, you have demonstrated an inability to follow orders. Just recently, on January 31, 2003, various Delivery employees were scheduled to work overtime on February 1 and February 2, 2003, for the delivery of the Congressional Record. Mr. Terrance L. Dudley, Chief, Delivery Section, had informed the employees which day they were to report for overtime. You were informed that you were scheduled to work overtime on Saturday, February 1, 2003. However, upon Mr. Dudley being informed by Mr. Charles C. Cook, Sr., Superintendent,

GOVERNMENT EXHIBIT 16

Congressional Printing Management Division there would be no record on February 1, 2003, you were personally called by Mr. Dudley and informed not to report for overtime. On Sunday, February 2, 2003, at approximately 6:00 a.m., Mr. Dudley noticed you in the work area and asked who authorized you to come in since you were never informed that you were scheduled to work overtime for that day. You stated that Mr. Jerome Allgood, PPW (Work Leader), told you to come in. Mr. Dudley informed you that Mr. Allgood could not authorize anyone to work overtime and informed you of your dismissal. You stated that you needed to talk to Mr. Allgood before you left because you wanted to be compensated for an hour of work and began searching for him. Mr. Dudley asked Mr. Allgood about what you had stated, and he informed Mr. Dudley that he had not giving you authorization to work overtime.

On February 5, 2003, Mr. Dudley noticed three large partitions had been set up in the rear of the Delivery platform. When Mr. Dudley asked Mr. Paul J, Kirby, Assistant Chief, Delivery and Mr. Lloyd C. Logan, Supervisory PPW, did they authorize the placement of partitions they both answered, "No." Mr. Dudley then proceeded to ask Mr. Gerald L. Simms, PPW (Work Leader), who stated that you had put up the partitions. Approximately ten minutes later, Mr. Dudley asked you if you placed the partitions in the rear of the platform and you stated, "Yes." Mr. Dudley then informed you that the partitions were to be removed. An hour and a half later, Mr. Dudley noticed that the partitions had not been taken down and instructed Mr. Simms to again inform you to take the partitions down. Mr. Simms found you sitting inside the partition and informed you that Mr. Dudley wanted you to take down the partitions. You then responded, "Tell him (Mr. Dudley) to take it down his self. He's (Mr. Dudley) pressing me." Upon your departing for the day, Mr. Dudley asked if you had taken the partitions down and you stated you would get them in the morning. Even though during a meeting held on February 6, 2003, you stated that Mr. Howard G. Shade, Mr. Walter W. Lancaster and Mr. Ronald Woody, all PPWs, helped you set up the partitions. On three occasions, you were asked to remove the partitions and failed to follow orders.

By Government Printing Office (GPO) Form 86, Follow up Checklist on Employees 90 Days After Placement, dated April 17, 2002, you received a satisfactory report and was stated

3

as being cooperative, however, since that time, your conduct has been less than satisfactory. Even though you have demonstrated the necessary knowledge, skills, and abilities to perform the duties of your position, there is no indication of improvement in your conduct, which is obvious by your continual inability to conduct yourself in a suitable manner and your disregard for authority. Therefore, it is my decision based upon your personal behavior, to terminate you during your probationary period effective 5:00 a.m. on February 25, 2003.

In order to avoid any delay in the settlement of your payroll account, you must turn in your GPO identification badge to the Uniformed Police Branch at the end of your tour of duty on February 24, 2003, located on the 1st Floor, Building #3.

Enclosed is an information sheet entitled "Appeal Rights for Termination During Probation" which outlines your rights in this matter. Since the enclosed information sheet pertains to your rights, I suggest that you review the contents of the enclosure carefully.

If you have any questions regarding your rights, you may contact Ms. Sheri A. Parker, Employee Relations Specialist, Employee Relations and Programs Division at 202-512-1422.

Sincerely,

ROBERT E. SCHWENK
Acting Production Manager

Enclosures (4)

GPO FORM 1247

GOVERNMENT PRINTING OFFICE PERSONNEL MANAGEMENT SERVICE
EMPLOYMENT BRANCH

EPP: 21196

TO: Director Ofc of Sls Production Manager, Delivery Sctn
FROM: CHIEF, RECORDS SECTION, EMPLOYMENT BRANCH
DATE: 11-05-02

SUBJECT: PROBATIONARY PERIOD EVALUATION

NAME OF EMPLOYEE: DANIELS, NATHANIEL JR
DATE OF APPOINTMENT: 02/25/02
DATE OF COMPLETION OF PROBATIONARY PERIOD: 02/25/03

GPO INSTRUCTION 610.3, PROBATIONARY PERIOD, DATED AUGUST 9, 1972 PROVIDES THAT A POSITIVE RECOMMENDATION MUST BE MADE AT THIS TIME REGARDING CONTINUED EMPLOYMENT BEYOND THE PROBATIONARY PERIOD. THE PROVISIONS AND GUIDELINES THEREIN ALSO APPLY TO VRA'S.

IN ACCORDANCE WITH THESE DIRECTIVES, IT IS REQUESTED THAT YOU CHECK EITHER ITEM A OR B OF PART I AND RETURN THIS FORM TO ROOM C106, STOP PSE.

Carol Brown, for
CHIEF, RECORDS SECTION

---

PART I        FOR COMPLETION OF SUPERVISOR

TO: CHIEF, RECORDS SECTION
FROM: Lenawe Dudley
DATE: 2/5/03

A. ___ THIS IS TO CERTIFY THAT THE ABOVE-NAMED EMPLOYEE HAS DEMONSTRATED THE PERFORMANCE SKILLS AND CHARACTER TRAITS NECESSARY TO JUSTIFY CONTINUED EMPLOYMENT.

B. ✓ THIS IS TO CERTIFY THAT THE ABOVE-NAMED EMPLOYEE HAS NOT PROVEN SATISFACTORY. SPECIFIC DEFICIENCIES WERE DISCUSSED WITH THE EMPLOYEE, BUT THE REQUIRED IMPROVEMENT HAS NOT BEEN SHOWN. A COPY OF THIS FORM AND A RECOMMENDATION FOR SEPARATION WAS FORWARDED TO CHIEF, EMPLOYEE RELATIONS BRANCH.

2/5/03     DATE OF DISCUSSION WITH EMPLOYEE
Upon working with     DATE OF RECOMMENDATION FOR SEPARATION
Employee Relations

Lenawe Dudley
SIGNATURE

---

PART II        FOR COMPLETION OF CHIEF, PAYROLL SECTION

TO: CHIEF, PAYROLL SECTION
FROM: CHIEF, RECORDS SECTION
DATE: _____

PLEASE INDICATE THE LEAVE WITHOUT PAY TAKEN BY THE ABOVE-NAMED EMPLOYEE FROM APPOINTMENT DATE TO THE DATE OF THIS NOTICE.

_____ DAYS    _____ HOURS    _____
                              SIGNATURE

PLEASE RETURN THIS FORM TO CHIEF, RECORDS SECTION, ROOM C106

PART III
PROBATION COMPLETED ON _____

INITIALS       DATE

GPO FORM 1247
GOVERNMENT PRINTING OFFICE
PERSONNEL AND WORKFORCE MANAGEMENT SERVICE
EMPLOYMENT BRANCH

EMP: 21190
CSS: 4520

TO: Director, Office of the Production Manager, Delivery Section
FROM: CHIEF, RECORDS SECTION, EMPLOYMENT BRANCH
DATE: 11-05-02

SUBJECT: PROBATIONARY PERIOD EVALUATION

NAME OF EMPLOYEE: DANIELS, NATHANIEL JR
DATE OF APPOINTMENT: 02/25/02
DATE OF COMPLETION OF PROBATIONARY PERIOD: 02/25/03

GPO INSTRUCTION 610.3, PROBATIONARY PERIOD, DATED AUGUST 8, 1972 PROVIDES THAT A POSITIVE RECOMMENDATION MUST BE MADE AT THIS TIME REGARDING CONTINUED EMPLOYMENT BEYOND THE PROBATIONARY PERIOD. THE PROVISIONS AND GUIDELINES THEREIN ALSO APPLY TO VRA'S.

IN ACCORDANCE WITH THESE DIRECTIVES, IT IS REQUESTED THAT YOU CHECK EITHER ITEM A OR B OF PART I AND RETURN THIS FORM TO ROOM C106, STOP PSE.

Carol Brown, for
CHIEF, RECORDS SECTION

---

PART I — FOR COMPLETION BY SUPERVISOR

TO: CHIEF, RECORDS SECTION
FROM: Lenwood Dudley
DATE: 2/5/03

A. _____ THIS IS TO CERTIFY THAT THE ABOVE-NAMED EMPLOYEE HAS DEMONSTRATED THE PERFORMANCE SKILLS AND CHARACTER TRAITS NECESSARY TO JUSTIFY CONTINUED EMPLOYMENT.

B. ✓ THIS IS TO CERTIFY THAT THE ABOVE-NAMED EMPLOYEE HAS NOT PROVEN SATISFACTORY. SPECIFIC DEFICIENCIES WERE DISCUSSED WITH THE EMPLOYEE, BUT THE REQUIRED IMPROVEMENT HAS NOT BEEN SHOWN. A COPY OF THIS FORM AND A RECOMMENDATION FOR SEPARATION WAS FORWARDED TO CHIEF, EMPLOYEE RELATIONS BRANCH.

2/5/03  DATE OF DISCUSSION WITH EMPLOYEE
(working with Employee Relations)  DATE OF RECOMMENDATION FOR SEPARATION

Lenwood Dudley
SIGNATURE

---

PART II — FOR COMPLETION BY CHIEF, PAYROLL SECTION

TO: CHIEF, PAYROLL SECTION
FROM: CHIEF, RECORDS SECTION
DATE: _____

PLEASE INDICATE THE LEAVE WITHOUT PAY TAKEN BY THE ABOVE-NAMED EMPLOYEE FROM APPOINTMENT DATE TO THE DATE OF THIS NOTICE.

_____ DAYS    _____ HOURS    _____
SIGNATURE

PLEASE RETURN THIS FORM TO CHIEF, RECORDS SECTION, ROOM C106

---

PART III
PROBATION COMPLETED ON _____

INITIALS    DATE