```
*******************************
                              *
NATHANIEL DANIELS, JR         *
     Complainant              *
          vs.                 *      GPO-03-21
                              *
GOVERNMENT                    *
PRINTING OFFICE               *
     Defendant                *
*******************************
```

## AFFIDAVIT OF BILL GROSS

The accepted issue in this case is as follows:

Was the Complainant discriminated against because of his age (55) and subjected to reprisal actions because of his prior involvement in the EEO process when he was allegedly (1) singled out and questioned by his supervisor on December 19, 2002 regarding a discussion that was taking place near the time clock, (2) sent home even though he had been scheduled to work overtime on February 1 and 2, 2003, and (3) on or about February 5, 2003, he was written up and subsequently terminated during his probationary period for moving salvage material?

Q: What is your age?

A: 56

Q: How long have you worked for the Government Printing Office (GPO)?

A: 38

Q: What is your position?

A: Truck Driver, Grade 5. 7 3

Q: What do you know regarding the accepted issues in this case?

A: With regard to the second issue, I was working during the weekend of February 1st and 2nd, 2003. This was a time when the office was using employees on overtime to deliver budget documents. The practice in the office, pursuant to the Union Contract, is that when there is overtime, it is first offered to the Grade 1 Helpers who assist the truck drivers on the truck prior to being offered to other higher graded employees. Having been a Union representative in the past, I was very familiar with this contract language. I also know that management was aware of the situation.

1

11

Nevertheless, I was present in the office on February 2, 2003, when the Complainant, Mr. Daniels, entered and began working to assist with the delivery of budget documents. I observed his supervisor, Terrance Dudley observing Mr. Daniels. I saw Mr. Dudley and Mr. Daniels having an argument about his coming to work on that date. Thereafter, Mr. Dudley sent Mr. Daniels home.

Following that, I observed that management had called Grade 5 drivers to come in to work that day assisting other driver in the delivery of the budget documents. This is clearly contrary to the Union contract.

I approached Mr. Dudley and questioned him about this. Despite my efforts to point out the requirements of the contract, Mr. Dudley continued to insist that Mr. Daniels had to leave and that he had not been called for overtime. I do not believe that Mr. Dudley handled this matter appropriately.

Q: Are you familiar with Issue 3?

A: Yes. I was aware that another employee, Charles Henderson, had put some desks and chair in a work area back near our facility. I believed that Mr. Daniels and some other employees found some unused furniture and brought it into the office. Based on what I observed, they put the furniture in a place that did not interfere with anybody. Nevertheless, Mr. Dudley insisted that they return the furniture. I believe that he did so because he saw that Mr. Daniels was the one involved in this. Mr. Dudley seemed to go out of his way to treat Mr. Daniels unfairly.

Q: Did you ever observe Mr. Dudley making any comments related to Mr. Daniels' age?

A:

Q: Do you have anything further to add?

A: No.

2

## CERTIFICATION

I, Bill Gross, have read the above transcribed verbatim statement, consisting of 3 pages, it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

> Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than 5 years, or both.

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; and Executive Order 11478 as amended. This information will be used to adjudicate complaints of alleged discrimination. As a routine use, this information may be disclosed to persons involved in the processing and/or adjudication of this complaint; to the Equal Employment Opportunity Commission or to the Merit Systems Protection Board, as appropriate, to adjudicate complaints of alleged discrimination; to a court, party or counsel for a party in judicial or administrative litigation; to a congressional office at your request; to a labor organization as may be required by the NLRA. Provision of the information requested is mandatory for the complainant, GPO employees and other federal employee witnesses. Failure of the GPO or other federal employees to provide the requested information could result in disciplinary action.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Bill Gross
Dated: 11-20-03

Affirmation by:

3

●   _____

●

●                                              4