```
*******************************
                                *
NATHANIEL DANIELS, JR           *
     Complainant                *
           vs.                  *         GPO-03-21
                                *
GOVERNMENT                      *
PRINTING OFFICE                 *
     Defendant                  *
*******************************
```

## AFFIDAVIT OF LLOYD LOGAN

The accepted issue in this case is as follows:

Was the Complainant discriminated against because of his age (55) and subjected to reprisal actions because of his prior involvement in the EEO process when he was allegedly (1) singled out and questioned by his supervisor on December 19, 2002 regarding a discussion that was taking place near the time clock, (2) sent home even though he had been scheduled to work overtime on February 1 and 2, 2003, and (3) on or about February 5, 2003, he was written up and subsequently terminated during his probationary period for moving salvage material?

Q:   What is your age?

A:   63

Q:   How long have you worked for the Government Printing Office (GPO)?

A:   37

Q:   What was your position with the GPO?

A:   I was the Supervisor in the Delivery Section.    *yes*

Q:   What was you working relationship with the Complainant, Nathaniel Daniels?

A:   I was Mr. Daniels supervisor. Mr. Daniels was an excellent employee. He was the most dependable worker that I had performing the duties that he was assigned.    *True*

Q:   What is your knowledge of the accepted issues above?

A:   I have some knowledge regarding the decision to terminate Mr. Daniels. I was not directly involved in that decision. In my view, Mr. Daniels was an excellent

1

8

employee and he should have been given permanent status rather than be terminated. Mr. Dudley was aware of how I felt about Mr. Daniels and knew that I supported his continued employment.

Q: Do you believe that age or the Complainants EEO activity played a role in Mr. Dudley's decision?   NO

A: I do not think that was the case. While I'm not sure, I believe that the Complainant was given his termination notice because he went over the head of his supervisor. I believe also that he was very ambitious and that some of the things he may have done to increase his chances to get ahead may not have sat well with the other management officials. They did not talk to me, however, so I do not know why the managers decided to terminate him.

Q: Do you have anything further to add?

A: (No)

## CERTIFICATION

I, Lloyd Logan, have read the above transcribed verbatim statement, consisting of 3 pages, it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

> Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than 5 years, or both.

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; and Executive Order 11478 as amended. This information will be used to adjudicate complaints of alleged discrimination. As a routine use, this information may be disclosed to persons involved in the processing and/or adjudication of this complaint; to the Equal Employment Opportunity Commission or to the Merit Systems Protection Board, as appropriate, to adjudicate complaints of alleged discrimination; to a court, party or counsel for a party in judicial or administrative litigation; to a congressional office at your request; to a labor organization as may be required by the NLRA. Provision of the information requested is mandatory for the complainant, GPO employees and other federal employee witnesses. Failure of the GPO or other federal employees to provide the requested information could result in disciplinary action.

I declare under penalty of perjury that the foregoing is true and correct.

_Lloyd C. Logan_
Lloyd Logan

Dated: 10-1-03

Affirmation by:

_[signature]_

3

```
******************************
                              *
NATHANIEL DANIELS, JR         *
      Complainant             *
           vs.                *         GPO-03-21
                              *
GOVERNMENT                    *
PRINTING OFFICE               *
      Defendant               *
******************************
```

### AFFIDAVIT OF LLOYD LOGAN

The accepted issue in this case is as follows:

Was the Complainant discriminated against because of his age (55) and subjected to reprisal actions because of his prior involvement in the EEO process when he was allegedly (1) singled out and questioned by his supervisor on December 19, 2002 regarding a discussion that was taking place near the time clock, (2) sent home even though he had been scheduled to work overtime on February 1 and 2, 2003, and (3) on or about February 5, 2003, he was written up and subsequently terminated during his probationary period for moving salvage material?

Q: What is your age?

A: 63

Q: How long have you worked for the Government Printing Office (GPO)?

A: 37

Q: What was your position with the GPO?

A: I was the Supervisor in the Delivery Section.  yes

Q: What was you working relationship with the Complainant, Nathaniel Daniels?

A: I was Mr. Daniels supervisor. Mr. Daniels was an excellent employee. He was the most dependable worker that I had performing the duties that he was assigned. True

Q: What is your knowledge of the accepted issues above?

A: I have some knowledge regarding the decision to terminate Mr. Daniels. I was not directly involved in that decision. In my view, Mr. Daniels was an excellent

1

8

employee and he should have been given permanent status rather than be terminated. Mr. Dudley was aware of how I felt about Mr. Daniels and knew that I supported his continued employment.

Q: Do you believe that age or the Complainants EEO activity played a role in Mr. Dudley's decision?   *NO*

A: I do not think that was the case. While I'm not sure, I believe that the Complainant was given his termination notice because he went over the head of his supervisor. I believe also that he was very ambitious and that some of the things he may have done to increase his chances to get ahead may not have sat well with the other management officials. They did not talk to me, however, so I do not know why the managers decided to terminate him.

Q: Do you have anything further to add?

A: *No*

2

## CERTIFICATION

I, Lloyd Logan, have read the above transcribed verbatim statement, consisting of 3 pages, it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

> Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than 5 years, or both.

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; and Executive Order 11478 as amended. This information will be used to adjudicate complaints of alleged discrimination. As a routine use, this information may be disclosed to persons involved in the processing and/or adjudication of this complaint; to the Equal Employment Opportunity Commission or to the Merit Systems Protection Board, as appropriate, to adjudicate complaints of alleged discrimination; to a court, party or counsel for a party in judicial or administrative litigation; to a congressional office at your request; to a labor organization as may be required by the NLRA. Provision of the information requested is mandatory for the complainant, GPO employees and other federal employee witnesses. Failure of the GPO or other federal employees to provide the requested information could result in disciplinary action.

I declare under penalty of perjury that the foregoing is true and correct.

*Lloyd C. Logan*
Lloyd Logan

Dated: 10-1-03

Affirmation by:

*[signature]*

3