UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL DANIELS,                        )  | |
|                             PLAINTIFF    )  | |
| v.                                          )  | Civ. Act. No.  05-2455 (GK) |
| BRUCE JAMES, PUBLIC PRINTER      )<br>U.S. Government Printing Office,                 )  | |
|                             DEFENDANT )  | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

### I.   INTRODUCTION

In his opposition to Defendant's Motion for Summary Judgment, plaintiff Nathaniel Daniels makes several contentions that will not shield him for judgment on the merits. With respect to both his retaliation and non-selection claim, plaintiff has failed to supply the Court with any competent evidence indicating that he exhausted his administrative remedies with respect to any claim of race or gender discrimination or hostile work environment. Accordingly, Plaintiff is not entitled to recover for any of these claims and they should be dismissed. Moreover, there is no competent evidence indicating that the non-selection of which he complains was motivated by considerations of age. In addition, plaintiff has failed to assert facts showing that the legitimate non-discriminatory reasons given by the Printing Office (GPO) are "phony" and thereby just a pretext for discrimination and/or retaliation[1]. See Fischbach v.

---

[1] Plaintiff's rebuttal argument for the prima facie case of retaliation is absent. Plaintiff seems to be claiming that his protected activity involved his friendship with a co-worker, Walter Lancaster, who was apparently involved in the EEO process at some point in time. Plaintiff states that he did not know what kind of EEO complaint Mr. Lancaster filed because the complaint was filed before Plaintiff was hired. See Plaintiff's Depo. P. 35. He was not called to be a witness in the EEO process on behalf of Mr. Lancaster. Plaintiff's Depo., p. 35 - 37.

District of Columbia Department of Corrections, 86 F.3d 1180, 1183 (D.C. Cir. 1996); see also St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993); Anderson v. Zubieta, 180 F.3d 329, 338 (D.C. Cir. 1999).  Because plaintiff has failed to discredit the Agency's stated reasons with competent rebuttal evidence, summary judgment should be granted on all claims.  See Waterhouse v. District of Columbia, 298 F.3d 989, 992 (D.C. Cir. 2002).

### II.     ARGUMENT

#### McDonnell Douglas Burden-Shifting Analysis

Courts have addressed the application of summary judgment standards in Title VII cases.  In a Title VII action, the plaintiff has the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against her.  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); Fischbach v. District of Columbia Dep't of Corrections, 86 F.3d 1180, 1183 (D.C. Cir. 1996).  Plaintiff must either present direct evidence of discrimination, which is rare, or resort to the familiar burden-shifting method articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under that method, plaintiff must initially establish a prima facie case of racial discrimination.

If the plaintiff succeeds in making a prima facie case, the burden shifts to the employer to articulate a nondiscriminatory reason for its actions.  McDonnell Douglas, 411 U.S. at 802.  The employer's burden, however, is merely one of production.  Burdine, 450 U.S. at 254-55.  The employer "need not persuade the court that it was actually motivated by the proffered reasons.  It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it

---

Consequently, Plaintiff has failed to carry his burden on the issue of whether he was engaged in protected activity prior to December 31, 2002, when he filed his formal EEO complaint based upon age.

discriminated against the plaintiff." Burdine, 450 U.S. at 254-55.  If the employer is successful, the burden then shifts back to plaintiff to show that the defendant's proffered reasons are pretextual and that discrimination was the real reason for the action.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); McDonnell Douglas, 411 U.S. at 802-05; St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 508 (1993).

Although under the McDonnell Douglas framework the "intermediate evidentiary burdens shift back and forth under this framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Reeves, 530 U.S. at 143 (quoting Burdine, 450 U.S. at 253).  Indeed, once the defendant has proffered a legitimate, nondiscriminatory reason for its action, the burden-shifting McDonnell Douglas framework "disappears," and the sole remaining issue [i]s discrimination *vel non*." Id. at 142-43.

Although this analysis was developed in the context of Title VII, it is equally applicable to claims brought under the ADEA. O'Connor v. Consolidated Coin Caterers Corp. 517 U.S. 308 (1996).  To establish discrimination under the ADEA, the plaintiff must establish that age was a determinative factor in the sense that, "but for" [her] age, [s]he would not have been subjected to the action at issue.  Hayman v. National Academy of Sciences, 23 F.3d 5353 (D.C. Cir. 1994) (regarding ADEA determinative factor in a discharge case); La Montagne v. American Convenience Products, Inc., 750 F.2d 1405, 1409 (7th Cir. 1984); Krodel v. Young, 748 F.2d 701, 706 (D.C. Cir. 1984).

### The Plaintiff's Burden under the ADEA

Under the ADEA, the plaintiff must establish at least a prima facie case by proving:   (1)

she is a member of the ADEA's protected class of persons over forty years of age; (2) she was qualified for her position and was performing her job well enough to meet her employer's legitimate expectations; (3) she suffered an adverse employment action despite her qualifications and performance; and (4) she was disadvantaged in favor of a similarly situated substantially younger employee.  517 U.S. at 313; Mianegaz v. Hyatt Corp., 2004 WL 1157709 (D.D.C. 2004) (quoting Reeves, 530 U.S. at 142 and citing Hall v. Giant Food, Inc., 175 F.3d 1074, 1077 (D.C. Cir 1999)).

Here, it is undisputed that the plaintiff has established the requisite prima facie case based on age discrimination.  However, "when a plaintiff alleges disparate treatment, [']liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision.' That is, the plaintiff's age must have 'actually played a role in [the employer's decision making] process and had a determinative influence on the outcome.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000) (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993)).  The defendant must merely "produce evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).  This burden is one of production, not persuasion, and involves no "credibility assessment." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993).

### Defendant's Legitimate Non-Discriminatory Reasons for Not Hiring The Plaintiff for the Motor Vehicle Operator Position Are Not A Pretext for Age Discrimination

There is no competent evidence that the Plaintiff's non-selection for the motor vehicle operator position was done with an eye towards age, which is plaintiff's ultimate burden here.

Critically, plaintiff's personal speculation and belief of his own superior qualifications, no matter how sincerely held, is not sufficient a basis for opposing a motion for summary judgment. See McGill v. Munoz, 203 F.3d 843, 846 (D.C. Cir.2000) (speculation insufficient to avoid summary judgment); Brown, 199 F.3d at 459 (D.C. Cir. 1997) (same); Griffin v. Acacia Life Insurance Co., 151 F. Supp.2d 78, 81 (D.D.C. 2001). Plaintiff has failed to show that the agency's rationale for its decisions is pretextual, and that illegal discrimination on the basis of age was the real reason. St. Mary's Honor Center, 509 U.S. at 515 ("a reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason.") (emphasis in original).

The qualification gap between the candidates are not great enough to be inherently indicative of discrimination. "[The Courts] must assume that a reasonable juror who might disagree with the employer's decision, but would find the question close, would not usually infer discrimination on the basis of a comparison of qualifications alone." Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1294 (D.C. Cir. 1998). However, if a "reasonable employer [co]uld have found the plaintiff to be significantly better qualified for the job, but . . .did not, the factfinder can legitimately infer that the employer consciously selected a less-qualified candidate – something that employers do not usually do, unless some other strong consideration, such as discrimination, enters into the picture." Id. See also Jackson v. Gonzales, 496 F.3d 703, 707 (D.C. Cir. 2007)(internal citations omitted); Holcomb v. Powell, 433 F.3d 889, 897 (D.C. Cir. 2006); Stewart v. Ashcroft, 352 F.3d 422, 429-30 (D.C. Cir 2003). "In order to justify an inference of discrimination, the qualifications gap must be great enough to be inherently indicative of discrimination." Jackson, citing Holcomb, 433 F.3d at 897. "To conclude otherwise would be to

render the judiciary a "super-personnel department that reexamines an entity's business decisions" – a role [the courts] have repeatedly disclaimed." Id.

The evidence is clear as to the reasons why the selections were made. Plaintiff's qualifications objectively do not act as a mark of distinction. As such, he has failed to meet his burden to adduce evidence that the defendant's legitimate, non-discriminatory reasons for not selecting him in 2001 for the GPO driver position was a pretext for discrimination and/or reprisal. This Court is not charged with reexamining the Agency's promotion decisions where the basis is qualifications, particularly when there is no other evidence that age played a part in the decision. See Stewart, 352 F.3d at 430. Like the Plaintiff in Stewart, Mr. Daniels "was simply not discernibly better" than the candidates selected. Id. At 429. Summary judgment should therefore be entered in favor of defendant on plaintiff's claims of discrimination and reprisal with respect to the non-selection.

In addition, the fact that plaintiff was rated as number 3 on the Best Qualified list has no bearing on the decision makers. There is no issue that the Plaintiff was qualified to be considered for the position. However, the ranking panel from GPO's Human Resources Office simply issues a list of eligible candidates. This list is sent to the applicable Division and then it is up to the interviewers or the selecting officials of that Unit or Division to determine who the successful candidate should be. See Pl's Exh. 2.

### Statements Made By Mr. Dudley Are Not Direct Evidence Of Age Discrimination

Plaintiff's Opposition argues by hyperbole that Mr. Terrence Dudley, one of the selecting officials, expressed his bias against older workers. Pl. Opp. at 5. Plaintiff asserts that Dudley expressed this alleged bias openly by stating that "[he] will be glad when all these old people get

out of this department." Id.  Even if Dudley made these statements, they are not direct evidence of age bias.

"Direct evidence does not include stray remarks in the workplace, even if made by decision makers, where the remarks are unrelated to the decisional process itself.  Kalekiristos v. CTF Hotel Management Corp., 958 F.Supp. 641, 665 (D.D.C.), aff'd without opp., 132 F.3d 1481 (D.C. Cir. 1997) (citations omitted); see also Beeck v. Federal Express Corp. , 81 F. Supp. 2d 48, 53 (D.D.C. 2000); Cone v. Longmont United Hospital Assoc., 14 F.3d 526 (10th th Cir. 1994) (requiring nexus between comments and challenged employment decision.)  Brady v. Livingood, et al., 456 F. Supp. 2d 1, 6 (D.D.C. 2006) ("While Courts have not precisely defined what constitutes "direct evidence," it is clear that "at a minimum, direct evidence does not include stray remarks in the workplace, particularly those made by non decision-makers or statements made by decision makers unrelated to the decisional process itself.") (citations omitted) There is absolutely no nexus between this comment and any challenged employment decision impacting the plaintiff during 2002, when he was not selected for the position of driver.

First, this statement is vague and very general.  It is not clear exactly what it means.  Certainly, he could mean that he was hopeful that employees who had time seniority within the unit would leave.  Second, the comment was not directed to the Plaintiff nor, was the Plaintiff an employee of the GPO at the time that the alleged comment was made.  In fact, the Plaintiff believes that the comment was made in 2000, while Plaintiff was not hired until 2001 and the non-selection itself did not occur until 2002.  See Plaintiff's Deposition p. 53.

### Failure To Exhaust

Plaintiff has failed to exhaust his administrative remedies not only as to the race and

gender discrimination claims for the 2002 non-selection but also for the hostile work environment claim that plaintiff belatedly placed in his complaint.  See Def's Exhs. 14, 19.  In Nat'l R.R. Corp. V. Morgan, 536 U.S. 101, 116 (2002) the Supreme Court stated that a hostile work environment claim "is comprised of a series of separated acts that collectively constitute one unlawful employment practice."  However, a single act contributing to the hostile work environment must occur and be reported to EEO within the filing period.  Id. At 115, 117-18.  In the instant case, no separate act of hostile work environment was ever reported to the agency for a determination at the administrative level.  Consequently, the race and gender discrimination claims and the hostile work environment claim should all be dismissed.

    Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


    /s/

_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334